UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

-against-

PEDRO GONZALEZ,

           Defendant.

03 Cr. 1310 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Defendant Pedro Gonzalez's letter dated September 16, 2020, requesting that counsel be appointed for him to assist him in preparing a motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A).  A copy of that letter is attached hereto.

    The C.J.A. Attorney on duty on October 6, 2020, Michael Gilbert, is appointed to represent Defendant Pedro Gonzalez in connection with his planned motion for compassionate release, effective today.[1]

    The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Gonzalez.

**SO ORDERED.**

Dated:    New York, New York
           October 7, 2020

---

[1] The Court had planned to appoint Mr. Gilbert on October 6 but received confirmation that he had no conflicts that would prevent him from being appointed on the morning of October 7.

1

_____
LORETTA A. PRESKA
Senior United States District Judge

Pedro Gonzalez
Reg. No. 55527054
FCI Fort Dix
P.O. BOX 2000
Fort Dix, NJ 08640

**RECEIVED**

OCT 05 2020

LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S.D.N.Y.

September 16, 2020

Honorable Loretta A. Preska
Senior United States District Court Judge
500 Pearl St.
New York, NY 10007

**RECEIVED**

OCT 05 2020

LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S.D.N.Y.

Re: United States v. Gonzalez
    Criminal No.03-1310-01

Dear Judge Preska:

Please construe this correspondence as a motion to appoint counsel for purpose of filing a motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). Gonzalez proffers the following in support thereof.

Gonzalez is currently serving a term of 35 years of imprisonment for violating several federal narcotics laws. At present, he has been incarcerated for more than 17 years. While serving this term of imprisonment, he has been diagnosed with, inter alia, Type II diabetes and hypertension.

A request for compassionate release was filed to the Warden of his institution arguing that in light of the COVID-19 pandemic and his medical conditions of diabetes and hypertension, 'extraordinary and compelling reason[s]' exist for the filing of a motion on his behalf under section 3582(c)(1)(A). That request is currently pending.

Generally, a request for compassionate release requires a threefold determination after the Court has determined that administrative remedies have been exhausted. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. 3553(a), to the extent that they remain applicable at the time the motion is brought. Second, the Court must find 'extraordinary and compelling reasons' to release a defendant from the custody of the Federal Bureau of Prisons in a policy statement. Lastly, the Court must determine if the defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g).

The instant request for appointment of counsel is filed before the court in anticipation of the Warden's denial of the compassionate release request. The instant request is non-frivolous as the Centers for Disease Prevention and Control has identified Type II diabetes and hypertension as comorbidities which increase the likelihood of serious risk from COVID-19. Moreover, since the onset of the COVID-19 pandemic, numerous courts in the Southern District of New York have recognized that inmates suffering from conditions such as hypertension and diabetes are now at even greater risk of deteriorating health, presenting 'extraordinary and compelling' circumstances that may justify compassionate release. See, e.g., United States v. Zuckerman, 2020 U.S. Dist. LEXIS 59588 @ 13-15 (S.D.N.Y. 2020); United States v. Tseng, 2020 U.S. Dist. LEXIS 136488 @ 2-3 (S.D.N.Y. 2020); United States v. Hernandez, 2020 U.S. Dist. LEXIS 121562 @ 6-7 (S.D.N.Y. 2020); United States v. Bayou, 2020 U.S. Dist. LEXIS 108696 @ 4 (S.D.N.Y. 2020).

Having presumably shown the existence of extraordinary and compelling reasons,' the appointment of counsel would aid Gonzalez in amassing the relevant 3553(a) mitigation material and further assist him in arguing why, when his instant offense and post-conviction conduct is assessed, he does not pose any danger to the public.

For the foregoing reasons, Gonzalez respectfully requests that the Court appoint counsel and afford any other such relief deemed appropriate under the circumstances.

Respectfully Submitted,

*Pedro Gonzalez* (signature)
Pedro Gonzalez

cc: U.S. Attorney's Office for the
    Southern District of New York

TRULINCS 55527054 - GONZALEZ, PEDRO - Unit: FTD-P-B

---

FROM: 55527054 GONZALEZ, PEDRO
TO: AW Operations
SUBJECT: ***Request to Staff*** GONZALEZ, PEDRO, Reg# 55527054, FTD-P-B
DATE: 07/30/2020 08:22 PM

To: Warden David Ortiz, head of fci fort dix
Inmate Work Assignment: commissary

Please construe this inmate request to staff as a formal request for compassionate release under 18 U.S.C. 3582(c)(1)(A) and/or a request for home confinement under the CARES Act specifically. Gonzalez asserts that "extraordinary and compelling reasons" exist which support his request for compassionate release and/or release to home confinement. Gonzalez proffers the following in support thereof:

Gonzalez was convicted for federal narcotics offenses in the U.S. District Court for the southern District of New York and ultimately sentenced to to a term of 35 years imprisonment, he has now been in custody for more than 17 years.
The FBOP—and the country as a whole—are currently experiencing a pandemic related to covid 19, according to the centers for disease control & prevention (CDC), because Gonzalez suffers from diabetes, Hypertension and high cholesterol he is among the class of individuals who are at risk of becoming seriously ill from covid 19. see https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-risk.html. Indeed, several courts have noted "extraordinary and compelling reasons" exist for purpose of granting a request for compassionate release where the inmate suffered from diabetes, hypertension and/or high blood pressure. see e.g., Unite States V Scparta, 2020 U.S. Dist. Lexis 68935 (S.D.N.Y. 2020). UNite States V Williams, 2020 U.S. Dist LEXIS 72510 (D Conn. 2020), United States V Jamil, 2020 U.S. Dist. LEXIS 90507 (N.D. Cal. 2020)
Furthermore, prisons are inherently "at-risk" enviorments because of the difficulty in social distancing and challenges to maintaining sanitation. See United States V Mel 2020 U.S. Dist 74491 @5 (D Md. 2020). see also Joseph A. Bick, Infection (detailing difficulties in preventing transmissions of infectious diseases 1047 (2007).
http://academic.oup.com/cid/article/45/8/1047/344842
if released, Gonzalez planse to resid with his wife Joelly Pagan In Pennsylvania. His wife would also aid and assist him in his reaclimation into society.

500 Pearl Street
Clerks office
New York NJ 10007

USMP's
SDNY

Honorable Loretta A. Preska
Senior United States District Court Judge
Clerks office
500 Pearl Street
New York NY 10007

LEHIGH VALLEY PA 180
21 SEP 2020 PM 4 L

10007-131608