UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br> -against-<br><br> PEDRO GONZALEZ,<br><br>                     Defendant. | 03-CR-1310 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Pedro Gonzalez's pro se motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018 ("First Step Act"), ((the "Motion"), dated July 29, 2020 [dkt. no. 163]), and request for the Court to take judicial notice of an alleged sentencing miscalculation due to a two-point firearm enhancement, (("Request for Judicial Notice"), dated Oct. 7, 2022 [dkt. no. 180]).  For the reasons set forth below, Defendant's Motion and Request for Judicial Notice are DENIED.

I. **Background**

    **a. Factual Background**

Defendant first started selling marijuana in the Bronx in the early 1990s, and as the business grew, he began selling crack cocaine, powder cocaine, and heroin in high volumes, earning millions of dollars.  (PSR ¶¶ 13-14; Sent. Tr. 8:17-22, 29:5-17.) He had employees working 8-hour shifts, 24 hours a day, and 7 days a week selling drugs from a Bronx apartment.  (Sent. Tr. 5:5-9.)

Violence was a major part of Defendant's operation. (PSR ¶ 16.) Defendant was known to possess firearms and, at times, have coconspirators hold them for him. (Id.) Defendant and his associates were involved in multiple robberies and murders of rival drug dealers, including Eugene Soto who was murdered in furtherance of Defendant's drug trafficking conspiracy. (Id. ¶¶ 17-19.)

On April 13, 2007, a grand jury returned a second superseding indictment charging Defendant with Count One, conspiracy to distribute and possess with intent to distribute 5 kilograms and more of cocaine, 1 kilogram and more of heroin, and 50 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A), and marijuana, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(D), and 846; Count Four, distribution and possession with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); and Count Five, distribution and possession with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). (Superseding Indictment, [dkt. no. 69].)

On October 1, 2007, Defendant was found guilty after a trial by jury on Counts One, Four and Five. (PSR ¶ 8.) Defendant was "held responsible for conspiring to distribute over 20 kilograms of crack cocaine, over 50 kilograms of powder cocaine, 'pounds of marijuana,' and at least 3 kilograms of heroin." (Id. ¶ 28.)

Defendant's total offense level was 44, and his criminal history category was III, which resulted in a Guidelines range for imprisonment of life.  (Id. ¶ 82.)  On May 1, 2008, this Court sentenced Defendant to concurrent sentences of 35 years of imprisonment on each of the three counts.  (Judgment [dkt. no. 120].)  Defendant has been incarcerated since October 2, 2003, and his projected release date is October 23, 2032.[1]  Defendant is 54 years old and is housed at FCI Fort Dix.[2]

### b. Subsequent Procedural History

Defendant's appeal of his conviction was denied, and the judgment was affirmed on November 3, 2010.  United States v. Gonzalez, 399 F. App'x 641, 643 (2d Cir. 2010).  On January 3, 2013, this Court denied Defendant's motion to vacate, set aside, correct his sentence pursuant to 18 U.S.C. § 2255, which was premised on claims of ineffective assistance of counsel.  (See 12-cv-1161, dkt. no. 5.)  The Court also denied Defendant's two motions to modify his sentence pursuant 18 U.S.C. § 3582(c)(2), on May 26, 2016 and on March 24, 2022.  (Dkt. nos. 151 and 178.)  In denying the motions, the Court noted that a sentence modification was not warranted: "In light of the seriousness of his crimes, especially the use of firearms for robberies and murders and the Defendant's leadership role in a long-running and lucrative drug

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp
[2] Id.

trafficking organization operation, that [35-year] sentence is just as needed today as it was in 2007 to protect the public from further crimes of the defendant." (Dkt. no. 178 at 9; see also dkt. no. 151 at 1.)

### c. The Instant Motion

On July 29, 2020, Defendant filed a motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018. (Mot.) On October 7, 2022, Defendant filed a request for the Court to take judicial notice of an alleged sentencing miscalculation due to a two-point firearm enhancement. (Request for Judicial Notice.) On February 24, 2023, Defendant supplemented his First Step Act Motion, (Def. Suppl. [dkt. no. 181]). On April 22, 2024, the Government opposed the Motion and Request for Judicial Notice, (Gov't Resp. [dkt. no. 186]). On May 15, 2024, Defendant replied, (Def. Reply [dkt. no. 188]).

## II.  Applicable Law

Prior to the Fair Sentencing Act ("FSA"), under 21 U.S.C. § 841(b)(1)(A), an offense involving 50 grams or more of cocaine base (i.e., crack cocaine) provided a mandatory minimum term of imprisonment of 10 years and a maximum term of life imprisonment.

On August 3, 2010, Congress enacted the FSA which increased the threshold quantities of crack cocaine required to trigger mandatory minimum sentences under the Controlled Substances Act. See Pub. L. No. 111-220, 124 Stat. 2372. Specifically, Section

2(a)(1) of the FSA increased the quantity required to trigger a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) from 50 to 280 grams of crack cocaine.  The First Step Act of 2018 made Sections 2 and 3 of the FSA retroactive.  Public Law No. 115-391, § 404(b).  Thus, courts may modify the sentence of a defendant who was sentenced before August 3, 2010 to the extent the defendant's sentencing exposure would be modified by Section 2 or Section 3 of the FSA.  United States v. Davis, 961 F.3d 181, 189 (2d Cir. 2020).  "[A] sentence arising from a multi-object conspiracy conviction involving a crack cocaine object, with a statutory penalty provision under 21 U.S.C. § 841(b)(1)(A)(iii) or 21 U.S.C. § 841(b)(1)(B)(iii), is a 'covered offense' under Section 404 that is eligible for a sentencing reduction, even when the other objects of the conspiracy (involving different controlled substances) triggered statutory penalties that were not modified and thus the applicable minimum and maximum penalties for the conspiracy offense remain unchanged."  United States v. Reed, 7 F.4th 105, 110 (2d Cir. 2021).  However, Section 404(c) of the First Step Act instructs that, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  First Step Act § 404(c), 132 Stat. 5222.

In deciding a First Step Act motion, the Court must determine whether (1) Defendant is eligible for a reduction, and (2) "whether, and to what extent, to exercise its discretion to reduce

the sentence." <u>United States v. Moore</u>, 975 F.3d 84, 89 (2d Cir. 2020). As to the second step, the Court has discretion to consider what factors are relevant. <u>Id.</u> at 92 n.36. A district court adjudicating a motion under the First Step Act must consider "other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison)," when parties raise them. <u>Concepcion v. United States</u>, 597 U.S. 481, 486-87 (2022). "By its terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments." <u>Id.</u> at 487.

## III. <u>Discussion</u>

Defendant argues that his conviction under Count One qualifies as a "covered offense" and he is eligible to be considered for a reduced sentence pursuant to Section 404(b). (Mot. at 4.) Defendant argues that Defendant's low likelihood of recidivism, his rehabilitation efforts, and the conditions within FCI Fort Dix during the COVID-19 pandemic all support a sentence reduction.[3] (Def. Suppl.; Def. Reply.)

---

[3] Defendant also argues that the Former Attorney General Merrick Garland's Memorandum, titled <u>Additional Department Policies Regarding, Charging, Please, And Sentencing in Drug Case</u> dated December 16, 2022, supports a sentence reduction. Given the change in political office, it is unclear whether the memorandum is still in effect. Even if the memorandum is in effect, Defendant would likely still be subject to the mandatory minimum sentences because his conduct involved "the use of violence," "the possession of weapons," he caused the death of a person, and he had a (cont'd)

Defendant also argues that the Court was without authority and jurisdiction to add the two-level enhancement for possessing a firearm to his Guidelines calculation because he was never charged with a firearm offense and those facts were not found by the jury or admitted by Defendant. (Request for Judicial Notice at 2-3.)

The Court will address each in turn.

### a. Motion for a Sentence Reduction Under the First Step Act

Both Defendant and the Government agree that Defendant is eligible for a sentence reduction under the First Step Act. (Mot. at ECF 4-5; Gov't Resp. at 3.) This is because Count One was based in part upon a crack cocaine offense and the statutory penalties were modified by the FSA. See United States v. Reed, 7 F.4th 105, 110 (2d Cir. 2021).

However, a sentence reduction is not warranted in this case when weighing the Section 3553(a) factors due to the serious and violent nature of Defendant's crimes. Defendant ran a high-volume drug trafficking scheme and made millions of dollars from it. (Gov't Resp. at 4.) Furthermore, Defendant has a history of violence, including possession of firearms, general involvement in the murder of Eugene Soto because it was committed in furtherance

---

(cont'd) "significant managerial role in the trafficking of significant quantities of drugs." (Gov't Resp. Ex. A at ECF 2-3.)

of Defendant's drug trafficking crimes, and other acts of violence. (Id.; dkt. no. 151 at 1.)

While the Court commends Defendant's minimal disciplinary record and participation in numerous vocational opportunities since his incarceration, they do not support a sentence reduction in light of the crimes of conviction.  Additionally, this Court previously evaluated Defendant's disciplinary record and conditions of confinement and found they do not support a sentence reduction, and nothing has changed to warrant a different result now.  (See dkt. no. 151 at 1; dkt. no. 178 at 6-9.)

Accordingly, Defendant's motion for a sentence reduction under the First Step Act is DENIED.

### b. Request to Take Judicial Notice

Defendant requests that the Court take judicial notice of the miscalculation of his Guidelines because the two-level enhancement for possessing a firearm was inappropriate.  (See generally Request for Judicial Notice.)  Defendant specifically requests that the Court "not misconstrue[] this Petition as a 2255 nor anything else but putting this [C]ourt on Notice of an Illegal Two Points Enhancement not cited in the Indictment nor Jury Verdict for a Firearm not charged."[4]  (Id. at 1.)

---

[4] Because of this explicit statement the Court does not treat Defendant's filing as a successive motion within the meaning of Section 2255(h).  Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

Defendant is attempting to relitigate his Guidelines calculation, but the current procedural posture is not appropriate for such an inquiry. Defendant already had an opportunity to challenge the Guidelines calculation in his appeal to the Second Circuit and in his Section 2255 motion, but he did not raise this issue in either proceeding. "The First Step Act does not entail a plenary resentencing, and . . . it does not obligate a district court to recalculate an eligible defendant's Guidelines range, except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010, when considering as a discretionary matter whether (or by how much) to grant a sentence reduction." Moore, 975 F.3d at 92; see also Concepcion, 597 U.S. at 498 n.6, 501. Because Defendant's challenge to his Guidelines calculation does not flow from Sections 2 and 3 of the FSA, it is not properly before the Court.

Assuming arguendo, that the issue is properly before the Court, there is sufficient basis establishing the two-level firearm enhancement. The evidence of Defendant's firearm possession during his decade of drug trafficking "was certainly sufficient to establish the two-level enhancement." (Sent. Tr. 10:16-17.) In arriving at this conclusion, the Court detailed some of the evidence of Defendant's firearm possession, which included, inter alia, testimony that he possessed firearms in his residence during marijuana deals, he carried a 45-caliber Glock on

his person and regularly stored the firearm in his mailbox, and the firearm used to kill Eugene Soto was retrieved from the apartment that Defendant sold drugs out of.  (Sent. Tr. 9:11-10:14.)

Accordingly, Defendant's request for the Court to take judicial notice is DENIED.

### IV.  Conclusion

For the reasons set forth above, Defendant's Motion and Request for Judicial Notice are DENIED.  The Clerk of the Court shall close dkt. nos. 163 and 180 and mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:    New York, New York
          June 9, 2025

_____
LORETTA A. PRESKA
Senior United States District Judge

10